J-S85041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WENDELL HILL, | : | |
| | : | |
| Appellant | : | No. 1778 EDA 2016 |

Appeal from the PCRA Order May 26, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0004112-1983

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED January 20, 2017**

Wendell Hill ("Hill") appeals, *pro se*, from the Order dismissing his fifth Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history as follows:

> [Hill] is currently serving a sentence of life imprisonment following his [1984] conviction of second-degree murder and robbery following the shooting death of a manager at a Shop-n-Bag supermarket in Upper Darby, Delaware County, Pennsylvania on March 31, 1983. … At trial, co-conspirator [O'neal] Searles, Jr. [("Searles")], a former employee of the Shop-n-Bag, testified that after he had been fired from the supermarket, he had provided information to [Hill] about his former boss, the manager of the store, and his procedure for depositing revenue from the store at the bank every morning. Searles testified about the events surround the shooting and admitted that while he had not assisted in the robbery, he had taken about half of the proceeds taken from the victim.  In addition to Searles['s] testimony, several other eyewitnesses identified [Hill] at the scene.

[This Court affirmed Hill's judgment of sentence on March 17, 1987, and the Pennsylvania Supreme Court denied *allocator* on October 5, 1987. The United States Supreme Court denied Hill's Petition for writ of *certiorari* on January 11, 1988. ***See Commonwealth v. Hill***, 526 A.2d 812 (Pa. Super. 1987) (unpublished memorandum), *appeal denied*, 532 A.2d 436 (Pa. 1987) *cert. denied*, ***Hill v. Pennsylvania***, 484 U.S. 1019 (1988).] [Hill] has filed numerous petitions [under the PCRA] over the years since his conviction, all of which have been denied. … [Hill] filed an "After-Discovered Evidence PCRA Petition Pursuant to 42 Pa.C.S.[A.] § 9545(b)(1)(ii)" on April 25, 2013, which [the PCRA] court denied because it was filed without leave of court during the pendency of another PCRA. [Hill] refiled his petition for [relief based on] after-discovered evidence on May 22, 2015. This [P]etition was [Hill's] fifth under the [PCRA].

On November 30, 2015, [the PCRA] court issued a notice of intent to dismiss [Hill's P]etition without a hearing upon a finding that it lacked jurisdiction to address its merits. On May 26, 2016[,] the court ultimately dismissed the [P]etition [as untimely filed].

PCRA Court Opinion, 7/28/16, at 1-2 (footnotes omitted). Hill also filed a "Motion to receive discovery and inspection materials pursuant to Pennsylvania Rules of Criminal Procedure[,] Rule 572," which the PCRA court denied.

Hill filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Hill raises the following issues for our review:

I. [Whether t]he trial court erred in dismissing [Hill's] PCRA [P]etition (without a hearing) where [he] clearly met the requirements set forth in 42 Pa.C.S.A. § 9545(b)[,] *i.e.,* that the affidavits of Anthony Harvin [("Harvin")] and Frieda Miller [("Miller")] constituted after-discovered evidence which proves [Hill] established a miscarriage of justice based upon actual innocence[?]

II. Was the PCRA court's July 28, 2016[] [O]pinion's conclusion contrary to the official recorded facts of the case?

III. [Whether t]he [trial court] erred in dismissing [Hill's] PCRA [P]etition when it failed to give reasons for denying [Hill's] [M]otion for discovery pursuant to Pa.R.Crim.P. [] 572[,] wherein [Hill] requested material that was exculpatory in nature (*i.e.*, impeachment and direct evidence) that certain witnesses were paid money for testimony against [Hill] at trial[?] Moreover, [whether] such failure by the trial court to give a comprehensive reason why such [M]otion was denied violated his Fourteenth Amendment right to due process[?]

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues

raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Hill's judgment of sentence became final in January 1988, when the United States Supreme Court denied Hill's Petition for writ of *certiorari*. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Because Hill filed the instant PCRA Petition more than 20 years after his judgment of sentence became final, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094 (Pa. 2010).

In his first claim, Hill invokes the exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and asserts that affidavits prepared by Harvin and Miller constitute new facts that entitle him to PCRA relief. Brief for Appellant at 9, 11. Harvin, who was charged as Hill's co-conspirator in an unrelated robbery, submitted an affidavit stating that Searles was the "lone robber" in the Shop-n-Bag robbery, and that his arresting detectives offered to drop the charges against him if he implicated Hill in the Shop-n-Bag robbery. ***See id.*** at 11; ***see also*** Harvin Affidavit, 3/28/13. Miller, Hill's former girlfriend, submitted an affidavit stating that detectives offered her a reward

to testify against Hill, and that she "was available and willing to testify to the above information back then[,] but was not called."  Miller Affidavit, 4/10/13; *see also* Brief for Appellant at 11.

To prove the newly-discovered facts exception at section 9545(b)(1)(ii), "the petitioner must establish that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).  "Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence.  This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).  Additionally, "[t]he focus of the exception is on the newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (citation omitted) (emphasis in original).

Here, Hill claims that he satisfied the due diligence requirement by submitting the affidavits to the PCRA court immediately after he became aware of them.  Brief for Appellant at 11.  However, Hill failed to explain why he could not have ascertained the new facts sooner with the exercise of due diligence. *See Monaco*, 996 A.2d at 1080; *see also Brown*, 141 A.3d at

500. Therefore, Hill failed to plead and prove the newly-discovered facts exception to the PCRA's timeliness requirement.

Hill raises two additional claims, neither of which implicates one of the exceptions to the PCRA's timeliness requirement.[1] Because Hill did not successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, we cannot address the merits of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017

---

[1] Hill did not preserve his second claim in his Pa.R.A.P. 1925(b) Concise Statement. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").